IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN E. MCKENZIE, #301473    *
            Plaintiff,
      v.                      *    CIVIL ACTION NO. WDQ-11-683

GARY D. MAYNARD               *
            Defendant.
                            ***

MEMORANDUM

On or about March 7, 2011, Brian McKenzie ("McKenzie"), an inmate housed at the Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland, filed a letter with the Court complaining about new criminal charges and his access to legal research materials. The correspondence has been construed as a hybrid 28 U.S.C. § 2241 habeas corpus and 42 U.S.C. §1983 civil rights action. No hearing is necessary. Local Rule 105.6. (D. Md.) For the following reasons the Court will dismiss the case without requiring service or answer.

McKenzie seeks class certification "on behalf of all other over due people similarly situated…" He claims that on or about January 31, 2011, he was falsely accused and charged with second-degree assault on a Division of Correction employee for spitting in the face of a RCI officer.[1] He complains that although he agreed to representation by a state public defender during his preliminary hearing, he wishes to discharge his public defender for providing ineffective assistance of counsel. ECF No. 1. McKenzie claims that he has not been provided incident reports, and as the Public Defender has not contacted or visited him, his defense is "blind to the striking issue, that could effect his March 31, 2011 preliminary hearing process…" He also alleges that as he received a three-year disciplinary segregation sanction for the assault, his access to the law library and counsel

---

[1] The Maryland Judiciary Case Search website confirms that on January 28, 2011, McKenzie was charged with second-degree assault on a Division of Correction employee in the District Court for Washington County, Maryland. *See State v. McKenzie,* Criminal No. 1V00072003. See http://www.casesearch.courts.state.md.us/inquiry

has been limited, and he has been denied access to courts because he cannot conduct the factual and legal research to file a timely pro se motion for appointment of counsel. In addition to requesting class certification, McKenzie asks the Court to postpone his state criminal proceedings. ECF No. 1.

To the extent that McKenzie seeks court intervention in his pending state criminal proceeding, his action will be construed as a 28 U.S.C. § 2241 petition for habeas corpus relief and dismissed. Absent extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Pretrial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. *See Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987). McKenzie has not exhausted his state court remedies and has raised no exceptional circumstances that warrant interfering with the Washington County criminal case. Habeas corpus relief will be denied without prejudice.

McKenzie's request for class certification and injunctive relief on his access-to-courts claim, will be construed as a civil rights claim and dismissed. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978). However, a denial of an inmate's right of access to the courts is actionable only when he is able to demonstrate actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). The Constitution does not guarantee inmates the ability to litigate every imaginable claim; it only requires that they be given the necessary tools "to attack their sentences, directly or collaterally, and ... to challenge the conditions of their confinement." *Id.* at 355.

McKenzie alleges that his disciplinary segregation limits his access to the RCI law library, and he requires additional access to prepare a motion for appointment of counsel in his criminal case.

The Court finds that his Complaint fails to state an access-to-courts claim.[2] McKenzie acknowledges that he is represented by the Public Defender in his pending criminal case. Although dissatisfied with his counsel, he has failed to show how limited access to a law library prevents him from filing a motion for appointment of counsel -- which on its face does not require legal research.[3]

A separate Order will be entered dismissing this action without prejudice.

Date: 3/25/11

William D. Quarles, Jr.
United States District Judge

---

[2] To prove the elements of an access-to-courts claim, a prisoner must demonstrate that (1) defendant acted with intentional motivation to restrict his access to the courts and (2) the action caused him actual injury by hindering his efforts to pursue a legal claim. See Lewis, 518 U.S. at 351; see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006).

[3] Class certification will be denied. McKenzie must prove that he has met the requirements of number, commonality, typicality, and adequacy of representation. See Fed. R. Civ. P. 23(a). A class action can be maintained only if "the representative parties will fairly and adequately protect the interests of the class." See Fed. R. Civ. P. 23(a)(4). Pro se plaintiffs are not favored as representative parties in a class action, as they generally cannot represent and protect the interests of the class fairly and adequately. See Alexander v. New Jersey State Parole Board, 160 Fed. Appx. 249, 249 n.1 (3d Cir. 2005) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.")).